IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:20-CV-991

| | |
|---|---|
| JONATHAN BURRS, )<br>　　　　　　Plaintiff, )<br>　)<br>v. )<br>　)<br>SEYFARTH SHAW, LLP; CARRIER )<br>GLOBAL CORPORATION; WALTER )<br>KIDDE PORTABLE EQUIPMENTS, )<br>INC.; CATHERINE C. EAGLES, )<br>(individually and as U.S. District Court )<br>Judge for the Middle District of North )<br>Carolina); LAWRENCE P. AULD, )<br>(individually and as U.S. District Court )<br>Magistrate Judge for the Middle District of )<br>North Carolina); JOHN DOE, )<br>　　　　　　Defendants. ) | O R D E R |

This cause comes before the Court on a motion to dismiss filed by defendants Judge Catherine C. Eagles and Magistrate Judge Lawrence P. Auld. Also pending is plaintiff's motion to transfer venue. The appropriate responses and replies have been filed, or the time for doing so has expired, and both motions are ripe for ruling. For the reasons that follow, the motion to dismiss is granted, plaintiff's complaint is dismissed, and plaintiff's motion to transfer venue is denied as moot.

BACKGROUND

Plaintiff initiated this action on September 15, 2020, in the United States District Court for the Southern District of Illinois. [DE 1]. The action was transferred to the United States District Court for the Middle District of North Carolina by order entered October 30, 2020. [DE 12]. On November 10, 2020, the undersigned was designated to preside over this matter by the Chief Judge of the United States Court of Appeals for the Fourth Circuit. [DE 14].

In his complaint, plaintiff, who proceeds in this action *pro se*, asserts claims pursuant to the provisions of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and 42 U.S.C. § 1985. Plaintiff further alleges that his complaint is also redressable under *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1972). At bottom, plaintiff's claims arise from or are related to plaintiff's employment relationship with defendant Walter Kidde and prior judicial rulings made by defendants Judge Eagles and Magistrate Judge Auld.

This is the fourth lawsuit filed by plaintiff *pro se* arising from his employment relationship with Walter Kidde. Plaintiff's first suit, *Burrs I*, was filed in August 2016 in the Middle District of North Carolina and was dismissed on the merits by the court on November 15, 2016. *Burrs v. Walter Kidde Portable Equip., Inc.*, No. 16-CV-1018 (M.D.N.C. Nov. 15, 2016) (Eagles, J., presiding). The dismissal was affirmed by the court of appeals. 697 F. App'x 195, 195 (4th Cir. 2017). Plaintiff then filed two additional actions in this court, again alleging claims arising out of his employment relationship with Walter Kidde Portable Equipment. No. 16-CV-1149; No. 18-CV-491 (*Burrs II* and *Burrs III*). Both subsequent complaints were also dismissed. *Burrs II* (M.D.N.C. Mar. 30, 2018); *Burrs III* (M.D.N.C. Nov. 2, 2018).

Following the dismissal of the *Burrs III* complaint, the court imposed a pre-filing injunction against plaintiff. *See Burrs v. United Technologies Corp.*, 1:19-MC-5 (M.D.N.C. Jan. 16, 2019) (Prefiling Injunction). The Prefiling Injunction details the history of litigation between plaintiff and the defendants, highlighting plaintiff's misconduct and noting that prior monetary sanctions had been insufficient to deter plaintiff's frivolous filings. The Prefiling Injunction states in pertinent part as follows:

> a. Jonathan Burrs, or anyone acting on his behalf, is **ENJOINED** and prohibited from filing any action in the Middle District of North Carolina or in any other federal court against Walter Kidde and United Technologies, or any agent, employee, or assignee of these defendants, or against any other defendant based

2

on or arising out of his employment with Walter Kidde or pertaining or relating to any allegations or legal claims made in this case, in *Burrs v. Walter Kidde Portable Equip., Inc.*, No. 16-CV-1018 (M.D.N.C.), or *Burrs v. Walter Kidde Portable Equip., Inc.*, No. 16-CV-1149 (M.D.N.C.);

b. If Jonathan Burrs brings any action against Walter Kidde or United Technologies that is not covered by paragraph 1(a) in any federal or state court, he shall attach a copy of this Order to the complaint;

c. Walter Kidde and United Technologies are excused from responding to any future complaints filed by Jonathan Burrs in this Court, absent order from the Court;

d. This order and injunction do not apply to the filing of timely notices of appeal from this Court to the Court of Appeals and papers solely in furtherance of such appeals for this case;

e. If Mr. Burrs succeeds in filing papers in violation of this Order, the Clerk shall, under authority of this Court, immediately and summarily strike the pleading or filings;

2. If and when Mr. Burrs attempts to file a complaint or other paper writing initiating a lawsuit in this district, the Clerk shall refer the paper writing to the Court for review to insure compliance with this Order before opening a new case.

*Id.*

## DISCUSSION

Defendants Judge Eagles and Magistrate Judge Auld (judicial defendants) have moved to dismiss the instant complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). The judicial defendants argue that, *inter alia*, plaintiff's current complaint violates the Prefiling Injunction and should be dismissed in its entirety. Despite being warned of the consequences for failing to do so, [DE 19], plaintiff has failed to respond to the motion to dismiss.

Plaintiff's complaint in this action is plainly barred by the Prefiling Injunction. The instant complaint names Walter Kidde Portable Equipment as a defendant, alleges claims arising out of plaintiff's employment relationship with Walter Kidde, and further alleges claims against

3

other defendants pertaining or relating to allegations made in plaintiff's prior suits, *Burrs I* and *Burrs II*. For example, plaintiff complains that defendants Auld and Eagles knew or should have known that by denying him discovery in *Burrs I* against defendant Walter Kidde they deprived plaintiff of his constitutionally protected right to due process, and further that defendants Walter Kidde and Seyfarth Shaw also interfered with plaintiff's due process rights in *Burrs I*. [DE 1] Compl. ¶¶ 79, 80. Defendant Carrier Global Corporation is alleged to be Walter Kidde's parent corporation. *Id.* ¶ 7. Indeed, in the instant complaint plaintiff alleges that

> Between the dates of January 2015 to November 2018, Plaintiff was engaged in employment disputes including litigation with Defendant-Kidde, a subsidiary of Defendant-Carrier, represented by Defendant-Seyfarth in the United States District Court for the Middle District of North Carolina, Defendant-Eagles the presiding Judge, Defendant-Auld the Magistrate Judge; the causes of action herein arose during this time period with the most recent alleged illegal conduct occurring on November 2, 2018 by Defendant-Eagles.[1]

*Id.* ¶12. Although this case was filed in the Southern District of Illinois, the Prefiling Injunction expressly applies to actions filed in any federal court.

Plaintiff has failed to come forward to demonstrate any ground for finding that the Prefiling Injunction entered against him should not be applied to dismiss this case. Accordingly, the Court grants the motion to dismiss this complaint, finding it barred by the applicable Prefiling Injunction.[2] Because the Court has determined that dismissal of this action is appropriate, plaintiff's request to transfer this action to the Southern District of Florida is denied as moot.

## CONCLUSION

---

[1] Judge Eagles dismissed *Burrs III* on November 2, 2018.

[2] As the Prefiling Injunction applies to plaintiff's complaint, the Court declines to consider the remaining arguments raised in support of the motion to dismiss.

4

For the foregoing reasons, the motion to dismiss [DE 17] is GRANTED and this action is DISMISSED IN ITS ENTIRETY as barred by the applicable Prefiling Injunction. Plaintiff's motion to transfer venue [DE 20] is DENIED AS MOOT. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this 19 day of July, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE